JAMES D. RIDDET, ESQ. (SBN 39826)
STOKKE & RIDDET
4100 Newport Place, Suite 550
Newport Beach, CA  92660
Telephone: 949/387-3005
Facsimile: 949/387-3205
E MAIL: Jriddet@stokkeriddet.com

Attorneys for Defendant
David Jess Miller

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

SEP 26 2012

CENTRAL DISTRICT OF CALIFORNIA
BY             DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) Case No. SA CR 09-222-AG |
|---|---|
| Plaintiff, | ) [PROPOSED] ORDER FOR |
| v. | ) DISCOVERY |
| ROBERT WAYNE BLACKBURN and DAVID JESS MILLER, | ) |
| Defendants. | ) |

This matter came on for hearing on July 23, 2012, pursuant to the Motion For Discovery filed on behalf of defendant David Miller and joined in by Defendant Robert Wayne Blackburn.

The Court, having read the moving, opposition and reply papers and heard argument of counsel, now rules as follows:

<u>SEARCH WARRANTS AND AFFIDAVITS:</u>

Defendant Miller moved in item 11 of his motion for all search warrants and supporting affidavits regarding any search of Mr. Miller's residence or business or any business premises of JAM Pharmaceuticals. The government advised the Court that it had produced the search warrant and supporting affidavit for the

search of the premises of E-Tail, a business of Mr. Miller's, in April, 2007 but that it had not yet produced the warrant or affidavit for two storage units used by E-Tail that were also searched in 2007. The Court orders the government to obtain permission to disclose these two search warrants and affidavits for the E-Tail storage units and to produce them to defendant by December 1, 2012.

## DOCUMENTS AND OTHER MATERIALS TAKEN DURING SEARCHES:

As to any computers taken or imaged during the searches of E-Tail's business premises and storage units, the parties agreed that the government would supply defendant with an image of all computers seized and retained by the government and copies of all images created. The court orders that the computer images be produced no later than December 1, 2012.

As to documents and records seized during the searches of E-Tail's business premises and storage units, the Court orders the government to make all such documents available for inspection no later than December 1, 2012.

## INVESTIGATIONS IN OTHER DISTRICTS:

To the extent that materials were obtained by the government during the searches of E-Tail's business premises and storage units, or other criminal investigation in this district that is related to E-Tail, and such materials would be subject to discovery in the instant prosecution if they had been obtained in the investigation of the instant case, the government agreed to produce or make available for inspection such materials. It is anticipated that the preceding provisions regarding search warrants for and documents and digital data seized at E-Tail's business premises and storage units will constitute much of this production. If there are additional materials covered by this paragraph, the Court orders that they be produced or made available for inspection by December 1, 2012.

In regard to any investigation of Miller in other districts, the following discovery is required: In regard to interviews by the government of individuals who were employees of JAM, which were conducted as part of investigations of Mr. Miller in other districts, the government shall produce the portions of reports of such interviews that relate to JAM or to the time period covered by this case, that are material to the preparation of the defense in the instant case, or that constitute exculpatory evidence in the instant case under *Brady v. Maryland*, 373 U.S. 83 (1963). The government shall also inquire as to whether government personnel working on such other investigations in other districts have obtained documents that relate to JAM or to the time period covered by this case, that are material to the preparation of the defense in the instant case, or that constitute exculpatory evidence in the instant case under *Brady* and, if such documents exist, the government shall request copies of them. The Court orders the government to produce the portions of any interview reports that are covered by this paragraph and to make the inquiry and request for documents described above by December 1, 2012.

If defendant becomes aware of other particular materials that might be in the possession of government personnel working on the investigations of Mr. Miller in other districts and that could be subject to discovery in the instant case, defendant shall notify the government and request that they be produced. Defendant also may request a further order of the Court to require production of such materials, which request would be considered to be within the scope of and part of the pending motion for discovery.

INFORMATION RELATED TO SEALING OF THE INDICTMENT AND THE TIMING OF DAVID MILLER'S INITIAL APPEARANCE:

The government indicted the defendants on November 18, 2009, in a sealed indictment. The indictment was not unsealed until on or about December 7, 2011, over two years later.

  Defendant moved in items 16, 21 and 22 for information about the sealing of the indictment and the basis therefore as well as information about any efforts made by the government to advise either of the defendants of the charges or to arrest them. Mr. Miller seeks (a) all reports and other documents reflecting any efforts or attempts to arrest Mr. Miller (Item 16), and, (b) an explanation as to why the indictment was sealed and kept under seal for two years (Item 21).

  The information requested could bear on a number of legal issues including the Statute of Limitations and the right of Mr. Miller to a speedy trial. Accordingly, the Court suggests that the government produce reports or other documents reflecting the basis for the sealing of the indictment and any attempts to arrest Mr. Miller or Mr. Blackburn while the indictment was under seal. The Court further suggests to the extent not apparent from any of the documents that the government advise counsel for defendants of the basis for the sealing of the indictment, of any efforts the government made to arrest Mr. Miller or Mr. Blackburn during the period the indictment was under seal and why the government did not move to unseal the indictment during the same period. The Court suggests that the government supply this information no later than December 1, 2012.

Dated: SEPT 26, 2012

Honorable Andrew J. Guilford
United States District Judge

(signed based on representation that AUSA Larry Kole has agreed to this)